UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X
                                                  :
JAMES C. PACENZA, SR.,                            :
                                                  :
                              Plaintiff,          :        04 Civ. 5831 (SCR)
                                                  :
            -against-                             :        **DECISION AND ORDER**
                                                  :
IBM CORPORATION,                                  :
                                                  :
                              Defendant.          :
——————————————————————————X

STEPHEN C. ROBINSON, U.S. District Judge:

## I.     Background

James Pacenza, Sr. (the "Plaintiff") brought suit on July 27, 2004 against IBM

Corporation (the "Defendant"), alleging violations of the Americans with Disabilities Act, 42

U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and

parallel state law provisions.  Defendant filed a motion for summary judgment on December 7,

2006, and Plaintiff filed his opposition to the motion for summary judgment on January 19,

2007.[1]  As part of that filing, Plaintiff also filed a cross-motion for summary judgment, even

though he had not previously indicated his intention to do so.  The parties appeared for a

conference before this Court on February 2, 2007, at which point Defendant requested

permission to file a motion to strike all or part of various documents submitted by Plaintiff as

part of his voluminous January 19, 2007 filings.  Defendant filed its motion to strike on February

16, 2007; Plaintiff opposed the motion to strike on March 2, 2007, and also filed a cross-motion

to strike, again without any prior indication of his intention to cross move.

---

[1] Defendant requested leave to exceed this Court's 25-page limit for its memorandum of law in support of its motion.  On November 22, 2006, we granted Defendant's request, and permitted both parties to file memoranda of law of up to 35 pages in support of their respective positions.

Specifically, Defendant raises objections to four specific documents or categories of documents: (i) Plaintiff's 29-page memorandum entitled "Analysis of Contradictions and Dissembling Found in Defendant's Deposition Testimony" (the "Deposition Analysis"); (ii) the declarations of Plaintiff's attorney Michael Diederich ("Diederich"), Plaintiff, and Plaintiff's wife, Gladys Pacenza ("G. Pacenza"); (iii) Defendant's statement of facts pursuant to Local Rule 56.1 ("Plaintiff's Rule 56.1 Statement"); and (iv) various exhibits annexed to Plaintiff's motion papers. For the reasons discussed below, Defendant's motion to strike is GRANTED IN PART AND DENIED IN PART, and Plaintiff's cross-motion to strike is DENIED.

## II.    Analysis

### A.    Deposition Analysis document

Defendant argues that Plaintiff's Deposition Analysis is an effort to evade this Court's page limitation for memoranda of law in support of motions, which in this case was extended to 35 pages for both parties. In the table of contents of the Deposition Analysis, Diederich describes the purpose of the document: "[s]et forth below are excerpts from transcripts of the depositions conducted in this action…*with commentary intended to put the testimony in context regarding the facts of this litigation*" (emphasis added).

Frequently in the Deposition Analysis, Diederich makes an argumentative statement, then purportedly supports that statement with citations to deposition testimony; elsewhere in the document, Plaintiff's counsel simply makes an argument without even citing to supporting sections of deposition testimony. Each and every page of this exhibit provides an example of impermissible argument. This is precisely the type of factual and legal analysis that is proper to include in a memorandum of law in support of and/or in opposition to a motion for summary judgment. It is clear that what Plaintiff has sought to do here is to provide this Court with an

2

additional 29 pages of argument and analysis above and beyond that set forth in his 35-page memorandum of law.[2] Accordingly, Defendant's motion to strike the Deposition Analysis (Plaintiff's Ex. 8) in its entirety is GRANTED.

## B.    Plaintiff's declarations

Fed. R. Civ. P. 56(e) makes clear that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Accordingly, the Second Circuit has held that a court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999). In Hollander, the Second Circuit affirmed a district court ruling striking portions of an affidavit because the affidavit at issue was "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge," and "more resembled an adversarial memorandum than a bona fide affidavit." Id. (internal quotations omitted). It is certainly not uncommon for courts in this district to strike portions of affidavits when they are not based on personal knowledge. See, e.g., Roberts v. Ground Handling, Inc., 04 Civ. 4955 (WCC), 2007 U.S. Dist. LEXIS 23441, *50-*54 (S.D.N.Y. Mar. 30, 2007).

### 1.    Diederich declaration

Defendant argues that paragraphs 6-39 of Diederich's declaration contain legal arguments and conclusory allegations, and therefore should be stricken. In paragraphs 6-30, Diederich cites

---

[2] Ironically, when Defendant first requested that it be allowed to submit a 35-page memorandum of law, Plaintiff's counsel responded this way in a letter dated November 21, 2006: "I do not exactly see the need for an oversized brief in this rather straightforward employment discrimination case."

a document that he has labeled as a Plaintiff's exhibit, and then proceeds to give his own interpretation of that document and explanation of why the document is relevant to his client's case. None of Diederich's analysis of these documents is appropriate for a declaration; the arguments he makes as to the relevance and import of the documents should have been made in his memorandum of law in support of his motion and in opposition to Defendant's motion.

Diederich maintains that he has personal knowledge to support the interpretation and analysis he has provided, and asserts that he gained that knowledge through his representation of Plaintiff in this case. This argument makes little sense – if this were enough to establish personal knowledge for a declaration, all parties in all cases would be able to present such "factual" assertions by their attorneys to supplement all motions submitted to this Court. Not surprisingly, Diederich does not point us to any case law that found this type of "personal knowledge" to be sufficient to support a declaration. Elsewhere, Diederich asserts that he should be permitted to present deposition testimony in support of his summary judgment motion, and to that limited extent he is correct; what is impermissible in his submissions is the extensive commentary he includes with the deposition testimony and the documentary exhibits. As such, all commentary supplied by Diederich in his declaration – that is, all of the text in paragraphs 6-30 other than the text contained in lines in boldface type where Diederich lists "Plaintiff Exhibit 1," "Plaintiff Exhibit 2," etc. – is hereby stricken.

Paragraphs 31 and 32 provide a description of the Deposition Analysis document discussed above; these paragraphs also constitute argument and analysis that is inappropriate for a declaration. Paragraphs 33-39 are organized under the heading "Plaintiff's Cross-Motion for Partial Summary Judgment Should Be Granted," and contain Diederich's legal argument in support of his motion. For example, the declaration states that "Plaintiff makes out a prima facie

case on both his age and disability claims," Diederich Decl. at ¶ 34, and "IBM's allegations are clearly not sufficient to warrant termination under IBM's rules and practice." Id. at ¶ 36. These types of arguments belong in a memorandum of law, and are wholly inappropriate for a declaration. Accordingly, Defendant's motion to strike paragraphs 6-30, as described above, is GRANTED, and Defendant's motion to strike paragraphs 31-39 in their entirety is GRANTED.

### 2.    G. Pacenza declaration

Defendant seeks to strike paragraphs 4-11 of G. Pacenza's declaration because those paragraphs allegedly put forward legal argument and other information that is not based on Plaintiff's wife's personal knowledge. Certain of these paragraphs clearly reflect information that is not based on the type of personal knowledge required to support a declaration. For example, G. Pacenza begins paragraph 9 of her declaration by admitting that she "was not present at IBM on May 28, 2003," but then proceeds to give her opinion as to the events of that day, purportedly based on her review of "various pieces of evidence and transcripts" in this case. This is not a proper basis for personal knowledge. Paragraphs 9, 10, and 11 all contain similarly impermissible opinions and legal conclusions, and are therefore stricken from this declaration.

At this point, however, we will not strike paragraphs 4 through 8 of the G. Pacenza declaration. Much of the content of these paragraphs relates to G. Pacenza's observations of her husband's psychological condition, her beliefs about the origins and severity of this condition, and her description of the hardships ostensibly caused by the illness. Without examining the entire record of this case in detail, we assume for the purposes of this decision that Plaintiff will put forth objective medical evidence of these psychological conditions, and will not seek to rely solely on the self-interested statements of Plaintiff and Plaintiff's wife to support his claim for disability. Further, as to statements about her husband that may constitute hearsay, we also

5

assume that Plaintiff himself could put forward some of these statements, which would vitiate the hearsay issue for many of them. If Plaintiff does put forth objective medical evidence and testimony from Plaintiff, Defendant is not prejudiced by the inclusion of G. Pacenza's statements here; if Plaintiff does not provide that evidence, this Court, in deciding the motions for summary judgment, will be able to give appropriate weight to these statements.

While certain sentences within paragraphs 4 through 8 – such as the statement in paragraph 7 where G. Pacenza offers her view as to why Plaintiff was fired from IBM – clearly contain impermissible conclusions and are not necessarily based on personal knowledge, we believe it unnecessary to proceed through these paragraphs line by line at this stage. This Court will be able to give the appropriate weight to these statements in deciding the motions for summary judgment. Allowing these five paragraphs to remain in the G. Pacenza declaration does not present any substantial hardship to Defendant in preparing its opposition to Plaintiff's cross-motion or its reply in support of its own motion for summary judgment. Accordingly, Defendant's motion to strike paragraphs 4 through 8 of the G. Pacenza declaration is DENIED, and Defendant's motion to strike paragraphs 9 through 11 of the G. Pacenza declaration is GRANTED.

### 3.    Plaintiff's declaration

Defendant seeks to strike a total of approximately 59 paragraphs from Plaintiff's declaration, again because those paragraphs allegedly put forward legal argument and other information that is not based on his personal knowledge. For the reasons described above, we will not exclude paragraphs that constitute Plaintiff's self-serving "diagnosis" of his own medical condition; if Plaintiff puts forth objective medical evidence regarding his condition, Defendant is not prejudiced by the inclusion of Plaintiff's statements here, and if Plaintiff does not provide

that evidence, this Court will be able to give appropriate weight to these statements. Plaintiff's own views as to the causes of his psychological conditions and the purported coping mechanisms he used to deal with those problems are of little value without additional objective evidence to support those conclusions. That said, it is the judgment of this Court that it is not appropriate to strike such paragraphs from Plaintiff's declaration at this time.

There are certain portions of Plaintiff's declaration, however, that we will strike because they are not based on Plaintiff's personal knowledge: (i) the second sentence of paragraph 93 ("My supervisors saw no problem with my Internet usage"); (ii) the second sentence of paragraph 95 (beginning "My IBM manager, Mr. Mihans, was certainly was aware (sic)"); (iii) the second clause of paragraph 96, indicating Plaintiff's belief that his Internet "addiction was beneficial both to IBM and [Plaintiff]"; (iv) the first sentence of paragraph 97, indicating Plaintiff's belief that Internet addition was "an addiction which IBM permitted"; (v) paragraphs 102 and 103; (vi) the second and third sentences of paragraph 140, concerning what IBM allegedly knew; (vii) the first sentence of paragraph 154, about what "appeared obvious" regarding Mihans's views; (viii) paragraph 159; (ix) paragraphs 180-181; (x) the second sentence of paragraph 183, regarding what "should have been reflected" on Plaintiff's performance evaluation; and (xi) paragraph 185.

We will also strike the following paragraphs because they contain legal arguments or conclusions, not facts based on Plaintiff's personal knowledge: paragraphs 104, 121, 125-126, 132 (including footnote 2), 133-136, 142-144, 161-167, 169-171, 175, 177, 182, and 186.

Accordingly, as specified above, Defendant's motion to strike various paragraphs of Plaintiff's declaration is GRANTED IN PART and DENIED IN PART.

## C.    Plaintiff's Rule 56.1 Statement

Local Rule 56.1 requires parties submitting a motion for summary judgment to include a:

> "separate, short and concise statement...of the material facts as to which the moving party contends there is no genuine issue to be tried.... The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.... Each statement by the movant or opponent...must be followed by citation to evidence which would be admissible."

Various other courts in this district have held that Rule 56.1 statements are not argument, and must contain factual assertions with citation to the record rather than conclusions, and that a motion to strike impermissible sections of a Rule 56.1 statement may be appropriate. See, e.g., U.S. Info. Sys. v. IBEW Local Union No. 3, No. 00 Civ. 4763 (RMB) (JCF), 2006 U.S. Dist. LEXIS 52938, *9 (S.D.N.Y. Aug. 1, 2006); Rodriguez v. Schneider, No. 95 Civ. 4083 (RPP), 1999 U.S. Dist. LEXIS 9741, *4 at n.3 (S.D.N.Y. June 29, 1999). Here, Defendant argues that Plaintiff's Rule 56.1 Statement in support of his cross-motion for summary judgment and in opposition to Defendant's motion for summary judgment contains impermissible argument and conclusions in lieu of facts.

In Plaintiff's memorandum of law in opposition to Defendant's motion to strike, Diederich repeatedly argues that to grant the motion to strike would deprive Plaintiff of the opportunity to lay out all of the factual support for his case. In reality, however, Plaintiff could have set forth all of the *facts* necessary to support his claim in the Rule 56.1 Statement – indeed, that is the purpose of the Rule 56.1 Statement. Diederich apparently confuses *facts* with argument and analysis, which has forced the Court to separate the former from the later and remove the argument and analysis when it has been presented in an impermissible form. As with

8

all of the other documents discussed here, Plaintiff's Rule 56.1 Statement goes well beyond the permitted purposes of that document and includes paragraph after paragraph of inappropriate argument and analysis that has no place in a Rule 56.1 Statement.

Upon review of Plaintiff's submission, this Court agrees with Defendant's characterization of Plaintiff's Rule 56.1 Statement. Accordingly, the following paragraphs of Plaintiff's Rule 56.1 Statement in support of his cross-motion are hereby stricken, because they contain argument and/or conclusions that do not belong in a document of this nature: a; b; c; p; dd; ee; hh; ss; and uu.

In his counter-statement of material facts prepared in response to Defendant's Rule 56.1 Statement, Plaintiff includes lengthy narratives that contain extensive argument and conclusion, none of which is permitted in a Rule 56.1 Statement. Moreover, a significant number of paragraphs in Plaintiff's Rule 56.1 Statement contain no citations whatsoever to the record in this matter. The following paragraphs are hereby stricken for one or more of the aforementioned reasons: 6(b); 7; 8; 9(a-c, f-g); 10; the heading preceding paragraph 11; 11; 12-13; 15-20; 21(c); 23-29; 31-34; 36-40; 43(c); 44-48; argument preceding paragraph 49; and 49-58.

Defendant's motion to strike sections of Plaintiff's Rule 56.1 Statement is GRANTED IN PART and DENIED IN PART.

### D.    Plaintiff's exhibits

Finally, Defendant objects to certain exhibits included in Plaintiff's motion papers because those exhibits either contain writing or editing marks that were not part of the original documents. Further, Defendant objects to the explanatory notes supplied by Plaintiff's counsel in conjunction with certain documents. Defendant's motion to strike these documents for their lack of authenticity is GRANTED.

9

Accordingly, the following exhibits are stricken from Plaintiff's submission: Ex. 1 (annotated versions of pages Bates-stamped D00329, D00343, D00346, D00403, and D00408 only); Ex. 2; Ex. 4 (page D00288 only); Ex. 5 (cover sheet; annotated versions of pages D00175, D00176, and D00177 only); Ex. 8 (see section II.A, supra); Ex. 9 (cover sheet; annotated versions of pages D00151, D00154, D00155 only); Ex. 11 (annotated version of page D00471 only); Ex. 12 (annotated versions of Def. Exh. Q p.1 and Def. Exh. Q p. 2; annotated versions of pages D00128 and D00130 only); Ex. 13 (cover sheet; annotated version of pages D00129 and D001720 only); Ex. 14 (annotated version of page D00171 only); Ex. 15 (cover sheet only); Ex. 17 (cover sheet; annotated version of Defendant's Statement of Position to the Equal Employment Opportunity Commission only); Ex. 18 ("Comments" page; two "summary" pages prepared by Diederich; annotated version of pages D00489, D00499, D00506, D00508, D00509, D00520, and D00521 only); Ex. 21 (cover sheet only); and Ex. 24 (page entitled "Various type sizes" only).

In certain instances, Plaintiff submitted un-annotated versions of the documents that he impermissibly annotated with his original motion papers; this ruling does not strike the un-annotated versions of these documents that were submitted with the original motion papers. Further, Diederich apparently believed he could correct the problem of filing annotated exhibits by submitting to this Court a large volume of papers that includes many documents that were not part of the original submission to the Court. This Court hereby rejects Plaintiff's exhibits 26, 27, and 28 – we will not sift through this large, undifferentiated mass of documents to find the handful of substitutes for pages that Plaintiff improperly filed in his motion papers. Further, Plaintiff cannot expand the record on summary judgment by hundreds of pages submitted as part of briefing on the *motion to strike*.

10

We will, however, give Plaintiff one final opportunity to correct his improper annotations; Plaintiff may provide this Court, in conjunction with his next filing in this case, an un-annotated copy of the individual pages stricken from the record because of their annotations. This instruction is not to be construed as permission to cure any other defects with the documents mentioned above.

**E.    Plaintiff's cross-motion to strike**

Plaintiff apparently filed his cross-motion to strike for two reasons: (1) "as a matter of caution"; and (2) "because Defendant IBM has submitted its motion to strike." See Pl. Mem. of L. at 16.  Neither of these reasons seems to be an appropriate basis for a motion to strike, and perhaps it is for this reason that Plaintiff devotes only a single page to his "motion" (despite being well short of this Court's 25-page briefing limit), and does not support his motion with any legal citation.  Further, Plaintiff's cross-motion is, in certain parts, comically vague.  For example, Plaintiff argues that he "should not be subjected to public disclosure of confidential medical/psychological treatment unrelated to this action," id., but does not point the Court to a single page of Plaintiff's medical records that he believes should be stricken from the record.  In contrast to Defendant's motion to strike, which specified the paragraphs and, in some cases, the particular sentences to which the motion to strike applied, Plaintiff, it seems, would have this Court make individualized determinations as to each and every document without the Plaintiff having done any of the initial screening work himself.  In sum, as Plaintiff has offered no legal citations in support of his motion, and/or has offered no explanation as to which of Defendant's documents he believes should be rejected by this Court, Plaintiff's cursory cross-motion to strike is DENIED.

11

## III.    Conclusion

For the reasons discussed above, Defendant's motion to strike is GRANTED IN PART

AND DENIED IN PART, and Plaintiff's cross-motion to strike is DENIED.  The Clerk of the

Court is directed to terminate the motion at docket number 28.

Further, the Court hereby orders the following schedule for submissions on Defendant's

motion for summary judgment and Plaintiff's cross-motion for summary judgment:

- Defendant's opposition to Plaintiff's cross-motion for summary judgment is due no later than August 24, 2007.  Defendant's submission is limited to the standard 25 pages allowed by this Court for opposition papers.

- *Both parties* are required to submit any replies in support of their motions for summary judgment no later than September 21, 2007.  Note that these submissions are to be filed simultaneously by the parties on that day.  Defendant's reply is limited to the standard 10 pages permitted by this Court.  Plaintiff's reply may be up to 25 pages.

IT IS SO ORDERED.

Dated:  July 26     , 2007
        White Plains, New York

Stephen C. Robinson
United States District Judge

12